UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dave's Floor Sanding & Installing Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Dave's Flooring Company,<br><br>Defendant. | Court File No. _____<br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Dave's Floor Sanding & Installing Inc. ("Dave's Floor Sanding & Installing"), through the undersigned attorneys, for its Complaint against Defendant Dave's Flooring Company ("Dave's Flooring Co."), for damages and other legal and equitable relief from Defendant's violations of law, states and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1. Dave's Floor Sanding & Installing Inc. is a Minnesota corporation with its principal place of business at 1451 92nd Lane NE Blaine, Minnesota 55449.

2. Dave's Flooring Company is a Minnesota corporation with a registered address of 601 Carlson Pkwy Ste 1050 Minnetonka, MN 55305.

1

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because the matter arises under Federal law, including but not limited to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

4. This Court has supplemental jurisdiction over any claims of state law pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant because its commercial operations which give rise to this action have taken place, and continue to take place, within the District of Minnesota.

6. Venue is proper in this Court under 28 U.S.C. § 1391 (b), (c), and (d), as Defendant's registered address and primary place of business take place within the District of Minnesota, and the actions which give rise to this Complaint occurred primarily within.

## GENERAL FACTS

*Plaintiff's Service Mark*

7. Dave's Floor Sanding & Installing Inc. is the owner of the service mark DAVE'S FLOOR SANDING & INSTALLING (hereinafter the "Mark").

8. Dave's Floor Sanding & Installing Inc. first used the Mark in commerce on or about January 1, 1978.

9. Dave's Floor Sanding & Installing operates a hardwood flooring business including installation, sanding, finishing, buffing, and coating services for customers (the "Plaintiff's Services").

10. Dave's Floor Sanding & Installing has built a reputation among consumers as a high-quality hardwood flooring business providing the Plaintiff's Services.

11. Dave's Floor Sanding & Installing has used the Mark continuously with the Plaintiff's services since January 1, 1978.

12. As a result of Dave's Floor Sanding & Installing's continuous and longstanding use of the Mark, and excellent reptation in the floor sanding and installing services industry in and around Minnesota, relevant consumers and people in the industry have come to know the Mark, when used in connection with such services, as referring solely to Plaintiff Dave's Floor Sanding & Installing and Plaintiff's Services.

13. Brand recognition by consumers is a substantial part of Plaintiff's flooring business.

14. Because consumers purchase services like the Plaintiff's Services infrequently, they rely heavily on brand recognition of service providers with good reputations as a crucial part of selecting such services.

15. Plaintiff offers its services through a registered website domain davesfloorsanding.com, on which it displays the Mark in connection with Plaintiff's Services.

16. Plaintiff also maintains social media accounts using the Mark in connection with Plaintiff's Services.

17. Plaintiff registered the Mark with the Minnesota Secretary of State's Office on November 7, 2007, Minn. Registration No. 2580249-2 for DAVE'S FLOOR SANDING & INSTALLING.

18. Plaintiff has maintained the registration of the Mark with the Minnesota Secretary of State continuously since its registration.

19. On September 28, 2023, Dave's Floor Sanding & Installing applied to register the Mark with the United States Patent and Trademark Office, application Serial No. 98202346.

20. A true and correct copy of the Mark's application is attached as **Exhibit A.**

21. Plaintiff's application is pending with the USPTO.

*Defendant's Infringing Mark*

22. Defendant Dave's Flooring Company provides in-home design consultation for homeowners.

23. Defendant has been offering its services using the mark DAVE'S FLOORING COMPANY ("Infringing Mark").

24. Defendant has recently begun offering services in the same geographic area as Plaintiff, including the seven-county metro area surrounding Minneapolis and St. Paul, Minnesota.

25. Defendant's services are competitive with, and often identical to, the Plaintiff's Services.

26. Plaintiff and Defendant are competitors in business.

27. Defendant markets its goods and services in the same channels of trade as Dave's Floor Sanding & Installing Inc.

28. Defendant displays the Infringing Mark on advertising materials, trucks, other consumer-facing displays.

29. Defendant has, within the last year, attempted to register the Infringing Mark as an assumed name with the Minnesota Secretary of State.

30. Defendant has registered a website domain name using the Infringing Mark – davesflooringcompany.com.

31. Defendant uses the Infringing Mark in connection with social media accounts, including but not limited to a Facebook profile.

32. Plaintiff's use of the Mark predates Defendant's use of the Infringing Mark by approximately forty-five (45) years.

*Increasing Instances of Actual Confusion*

33. The Infringing Mark is substantially similar to Dave's Floor Sanding & Installing.

34. Defendant's use of the Infringing Mark is substantially likely to cause confusion and, in multiple instances, has caused confusion.

35. Plaintiff is aware of consumers that intended to hire Plaintiff based on its reputation, but scheduled flooring appointments with Defendant as a result of the confusion created by the Infringing Mark.

36. Defendant has also been driving its trucks in neighborhoods where Plaintiff has customers, leading to actual confusion.

37. Defendant's use of their Infringing Mark for flooring services and other related services has caused, and is likely to continue to cause, consumer confusion, mistake, or deception as to the source, sponsorship, or endorsement of its goods, services, and commercial activities.

38. Defendant's unauthorized use of the Infringing Mark is intentional.

39. Defendant's unauthorized use of the Infringing Mark is willful.

40. Defendant's conduct has caused irreparable injury to Dave's Floor Sanding & Installing's reputation and goodwill, for which Dave's Floor Sanding & Installing has no adequate remedy at law.

41. Defendant's acts constitute the use in commerce of Dave's Flooring Company in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion, mistake, or to deceive consumers and therefore infringe Dave's Floor Sanding & Installing's rights in its trademarks in violation of violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

*Dave's Floor Sanding & Installing's Prelitigation Attempts to Resolve Dispute*

42. Given the likelihood of confusion due to Defendant's use of the Infringing Mark, and the similar and identical services being offered, Dave's Floor

Sanding & Installing contacted Defendant to reach a resolution regarding the use of the Infringing Mark.

43. Dave's Floor Sanding & Installing, through counsel, has sent multiple correspondence to and conducted phone calls with Defendant seeking a resolution of this matter.

44. The only responses from Defendant have been short emails refusing to acknowledge basic facts regarding the Mark and the Infringing Mark, or offer any substantive explanation of their ability or justification to use the Infringing Marks.

## COUNT I

### TRADEMARK INFRINGEMENT
### 15 U.S.C. §§ 1114 and 1125(a)

45. Plaintiff realleges and restates all preceding paragraphs of this Complaint.

46. Dave's Floor Sanding & Installing is the valid owner of the service mark DAVE'S FLOOR SANDING & INSTALLING.

47. The Mark is inherently distinctive and has acquired distinctiveness in the minds of the relevant consumers in that the marks identify a single source of Plaintiff's services.

48. The "DAVE'S" designation, when used as part of the Mark and in connection with Plaintiff's Services, has acquired distinctiveness in that the relevant consumers associate that designation with a business as opposed to an individual with that name.

49. Defendant has promoted and marketed its business by displaying the Infringing Mark, DAVE'S FLOORING COMPANY.

50. By the acts complained of herein, Defendant's use of marks similar to marks owned by Dave's Floor Sanding & Installing is likely to cause confusion, mistake, and deception amongst the consuming public in violation of 15 U.S.C. § 1114(a).

51. Defendant's aforementioned acts have caused and will continue to cause great and irreparable injury to Dave's Floor Sanding & Installing and, unless such acts are restrained by this Court, such acts will continue and Dave's Floor Sanding & Installing will therefore continue to suffer great and irreparable injury.

52. As a direct and proximate result of Defendants' infringement of Dave's Floor Sanding & Installing's trademark registrations identified herein, Dave's Floor Sanding & Installing has suffered and will continue to suffer, monetary damages in an amount to be proven at trial, but which Dave's Floor

Sanding & Installing Inc. believes to be in excess of $75,000.00, and irreparable injury to its business, reputation, and goodwill.

53. Defendant's unlawful acts were committed willfully, knowingly, maliciously, and in conscious disregard of Dave's Floor Sanding & Installing's rights.

54. As a direct and proximate result of Defendants' trademark infringement, Dave's Floor Sanding & Installing Inc. has been required to retain the services of an attorney and is entitled to an award of reasonable attorneys' fees and costs incurred in the litigation of this claim.

## COUNT II
### VIOLATION OF MINNESOTA DECEPTIVE TRADE PRACTICES (MINN. STAT. § 325D.44)

55. Dave's Floor Sanding & Installation Inc. restates and incorporates by reference, as if fully set forth here, the allegations of all previous paragraphs.

56. Dave's Floor Sanding & Installation Inc. is entitled to protection under Minn. Stat. § 325D.44.

57. Defendant' use and promotion of the Infringing Mark is likely to cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Dave's Floor Sanding & Installing with Defendant.

58. Defendant's use and promotion of the Infringing Mark is likely to cause confusion or cause mistake, or deceive as to the origin, sponsorship, or approval by Dave's Floor Sanding & Installing Inc. of Defendant's business.

59. Defendant's use of the Infringing Marks constitutes a deceptive trade practice under Minn. Stat. § 325D.44, subd. 1.

60. Dave's Floor Sanding & Installing has no adequate remedy at law and has been, and absent injunctive relief, will continue to be irreparably harmed by Defendant's actions.

61. Dave's Floor Sanding & Installation is therefore entitled to injunctive relief under Minn. Stat. § 325D.45, subd. 1.

62. Defendant's conduct in violation of Minn. Stat. § 325D.44 was willful, including continuing with its use after being informed of its deceptive and infringing nature, and Dave's Floor Sanding & Installing is therefore entitled to attorneys' fees and costs under Minn. Stat. § 325d.45, subd. 2.

## COUNT III

**VIOLATION OF MINNESOTA TRADEMARK INFRINGEMENT STATUTE**
**(Minn. Stat. §333.28)**

63. Dave's Floor Sanding & Installation Inc. restates and incorporates by reference, as if fully set forth here, the allegations of all previous paragraphs.

64. Dave's Floor Sanding & Installation Inc. is entitled to protection under Minn. Stat. § 333.28.

65. Dave's Floor Sanding & Installing Inc. is the owner of a valid trademark.

66. Defendant's use and promotion of the Infringing Mark is likely to cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Dave's Floor Sanding & Installing with Defendant.

67. Defendant's use of the Infringing Marks constitutes a trademark infringement under Minn. Stat. § 333.28.

68. Dave's Floor Sanding & Installing has no adequate remedy at law and has been, and absent injunctive relief, will continue to be irreparably harmed by Defendant's actions.

69. Dave's Floor Sanding & Installation is therefore entitled to injunctive relief under Minn. Stat. § 333.29.

70. Defendant's conduct in violation of Minn. Stat. § 333.28 was willful, including continuing with its use after being informed of its infringing nature, and Dave's Floor Sanding & Installing is therefore entitled to attorneys' fees and costs under Minn. Stat. § 333.28.

**WHEREFORE,** Dave's Floor Sanding & Installing, Inc. respectfully requests that the Court issue an order as follows:

A. Issuing Judgment for Dave's Floor Sanding & Installing, Inc. on all counts;

B. Awarding Dave's Floor Sanding & Installing, Inc. actual damages, compensatory damages, statutory damages, and profits stemming from Defendant's unlawful conduct in an amount to be determined at trial but in excess of $75,000;

C. Awarding exemplary and punitive damages for the willful misappropriation and infringement of the Mark;

D. Enjoining Defendant from further misappropriation and infringement of the Mark; and

E. For such other relief that this Court may deem just and proper.

**CHESTNUT CAMBRONNE PA**

Dated: November 17, 2023        By: _s/ Christopher P. Renz_
Christopher P. Renz (MN #0313415)
Allison E. Cole (MN # 0402640)
100 Washington Ave. S., Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
crenz@chestnutcambronne.com
acole@chestnutcambronne.com

*Attorneys for Dave's Floor Sanding & Installing, Inc.*